# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Liberty Coins, LLC, *et al.*, | : | CASE NO: 2:12-cv-998 |
| Plaintiffs, | : | JUDGE WATSON |
| v. | : | MAGISTRATE JUDGE PRESTON DEAVERS |
| David Goodman, Director, *et al.*, | : | **ANSWER OF DEFENDANTS** |
| Defendants. | : | |

Defendants, David Goodman, Director, Ohio Department of Commerce, and Amanda McCartney, Consumer Finance Attorney, Division of Financial Institutions, Ohio Department of Commerce, answer the verified complaint, Doc. 1 ("complaint"), as follows:

### FIRST DEFENSE

1. Defendants deny the allegations in paragraphs 1, 2, 4, 22, 23, 26-28, 36-38, 45, 47, 49, 51, 61, 62, 64, 77-90, 92, 99, 101, 106, and 113-116 of the complaint.

2. Defendants deny for lack of knowledge the allegations in paragraphs 3, 7, 9, 17, and 20 of the complaint.

3. Defendants admit the allegations in paragraphs 5, 15, and 16 of the complaint.

4. Defendants admit the allegations in the second sentence of paragraph 6 of the complaint, and deny for lack of knowledge the remaining allegations in paragraph 6 of the complaint.

5. Defendants admit the allegations in paragraphs 8 and 18 of the complaint that Liberty Coins has advertised its business as indicated in (1)-(4), but deny that Liberty Coins has only advertised through those means. Defendants further admit that the advertisements

indicate that Liberty Coins buys, sells, and trades gold and silver. Defendants deny for lack of knowledge the remaining allegations in paragraphs 8 and 18 of the complaint.

6. Defendants deny for lack of knowledge the allegations in the first two sentences of paragraph 10 of the complaint. Defendants deny the remaining allegations in paragraph 10 of the complaint.

7. Defendants deny the allegations in paragraph 11 of the complaint that Director Goodman is the Ohio Department of Commerce's chief administrative and executive officer. Defendants admit the remaining allegations in paragraph 11 of the complaint.

8. Defendants admit the allegation in paragraph 12 of the complaint that Defendant McCartney has been at relevant times and is a consumer finance attorney with the Ohio Department of Commerce. Defendants deny the remaining allegations in paragraph 12 of the complaint.

9. Defendants admit the allegation in paragraph 13 of the complaint that their actions were undertaken under color of state law. Defendants deny the remaining allegations in paragraph 13 of the complaint.

10. Defendants admit this Court has subject matter jurisdiction over Plaintiffs' First Amendment claim in Count I. Defendants further admit that Plaintiffs have purportedly brought this action pursuant to the constitutional and statutory provisions cited in paragraph 14 of the complaint, but deny that Plaintiffs are entitled to any relief. Defendants deny the remaining allegations in paragraph 14 of the complaint.

11. Defendants admit the allegation in paragraph 19 of the complaint that an advertisement indicating "we buy gold and silver" is a truthful method of advertising for the purchase of

gold and silver items exempt under the Precious Metals Dealers Act ("PMDA"). Defendants deny the remaining allegations in paragraph 19 of the complaint.

12. Defendants deny the allegations in paragraph 21 of the complaint that the PMDA was enacted in 1983 and that it has been largely unenforced since its inception. Defendants further state that the purchase of precious metals has been regulated by the State of Ohio since at least 1921. Defendants deny for lack of knowledge the allegation that the PMDA has never been challenged.

13. Defendants deny the allegations in paragraphs 24, 25, 29-33, 35, 54-57, 66-75, 93-98, 103-105, and 107-110 of the complaint because the cited cases, statutes, and constitutional provisions speak for themselves.

14. Defendants admit the allegation in the first sentence of paragraph 34 of the complaint. Defendants deny the remaining allegations of paragraph 34 of the complaint because the cited rule speaks for itself.

15. Defendants deny the allegation in paragraph 39 of the complaint that the October 1, 2012 letter issued to Plaintiffs was "threatening." Defendants admit the remaining allegations in paragraph 39 of the complaint.

16. Defendants deny the allegations in paragraphs 40-44, and 46 of the complaint because the cited letter and email speak for themselves.

17. Defendants deny the allegations in paragraph 48 of the complaint that Defendant McCartney and/or the Ohio Department of Commerce appear to or do use any past statements or advertisements against coin dealers. Defendants admit that paragraph 48 of the complaint quotes, in part, Defendant McCartney's email.

18. Defendants deny for lack of knowledge the allegations in paragraph 50 of the complaint that Plaintiffs have discontinued all advertising and purchasing gold and silver. Defendants deny the remaining allegations in paragraph 50 of the complaint.

19. Defendants restate their admissions, denials, and averments in response to paragraphs 52, 63, 91, and 102 of the complaint.

20. Defendants admit, in part, the allegation in paragraph 53 of the complaint that an actual controversy exists between Plaintiffs and Defendants as to Plaintiffs' First Amendment claim in Count I only. Defendants deny the remaining allegations in paragraph 53 of the complaint.

21. Defendants deny the allegations in paragraphs 58 and 59 because the Fourth Amendment and cases interpreting the Fourth Amendment speak for themselves.

22. Defendants admit that Plaintiffs desire a judicial determination of their rights as set forth in paragraph 60 of the complaint, but deny that Plaintiffs are entitled to any relief.

23. Defendants deny for lack of knowledge the allegation in paragraph 65 of the complaint that Plaintiffs desire to engage in non-misleading, constitutionally-protected commercial speech. Defendants deny the remaining allegations in paragraph 65 of the complaint.

24. Defendants admit that paragraph 76 of the complaint cites three Ohio state interests supporting the PMDA, but deny the allegation that those are "at most" Ohio's interests.

25. Defendants admit that paragraph 100 of the complaint partially quotes PMDA provisions, which speak for themselves. Defendants deny the remaining allegations in paragraph 100 of the complaint.

26. Defendants admit that paragraph 111 of the complaint partially quotes Ohio Admin.Code 1301:08-6-03(D). Defendants deny the remaining allegations in paragraph 111 of the complaint.

27. Defendants admit that paragraph 112 of the complaint partially quotes Ohio Rev. Code § 4728.07, and refers to other PMDA provisions that speak for themselves. Defendants deny the remaining allegations in paragraph 112 of the complaint.

28. Defendants deny all allegations in the complaint not specifically admitted to herein.

## SECOND DEFENSE

29. Plaintiffs lack standing to assert void-for-vagueness and Fourth Amendment claims.

## THIRD DEFENSE

30. Plaintiffs fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

31. Plaintiffs have not pleaded, stated, or brought an as-applied claim.

## FIFTH DEFENSE

32. Plaintiffs' void-for-vagueness and Fourth Amendment claims are not ripe for federal court review.

MICHAEL DeWINE
Ohio Attorney General

s/ William J. Cole
WILLIAM J. COLE (0067778)
JENNIFER S.M. CROSKEY (0072379)
Assistant Attorneys General
Executive Agencies Section
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
(614) 466-2980
(866) 354-4086 fax
William.Cole@OhioAttorneyGeneral.gov
Jennifer.Croskey@OhioAttorneyGeneral.gov
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on December 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

s/ William J. Cole
WILLIAM J. COLE